IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-24-FL

| | | |
|---|---|---|
| PATRICK SOLOMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNC HEALTHCARE, | ) | |
| | ) | |
| Defendant. | ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. For the reasons stated below, the undersigned magistrate judge will allow plaintiff's motion to proceed *in forma pauperis*, but recommend that this case be dismissed for lack of subject matter jurisdiction.

## ORDER ON *IN FORMA PAUPERIS* MOTION

Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore ALLOWED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.     Background**

In his proposed complaint, plaintiff names as the sole defendant "UNC Healthcare," lists the acts complained of as "medical malpractice" and "illegal detainment [in violation of the] 4th Amendment," and requests relief of $200,000.00. D.E. 1-1 at pp. 2, 4. A series of subsequent

filings,[1] read liberally with the proposed complaint as they must be, show that the case arises from the involuntary commitment of plaintiff in May 2015 at the WakeBrook behavioral health facility on Sunnybrook Road in Raleigh, North Carolina operated by the University of North Carolina Health Care System ("UNC Health Care System").[2] *See* D.E. 1-1 at p. 2; D.E. 5 at p. 1; D.E. 7. Therefore, UNC Health Care System appears to be the intended defendant. Plaintiff alleges that although he was cooperative with staff and the doctors during evaluations, he was forced after three days to take medication for no reason and a diagnosis for him was fabricated. D.E. 5 at p. 1. He further alleges that in making the decision to medicate him "in spite," doctor's notes showing that he should have been released with no diagnosis were suppressed. *Id.* He also alleges that he should not have been admitted in the first place because he lacked a preexisting mental illness, as North Carolina law purportedly requires for involuntary commitment. *Id.* at 2. Plaintiff asserts that the harms he has suffered include mental anguish, anxiety flares, stress, headaches, excessive thinking, and mental abuse. D.E. 6 at p. 2.

In addition to the claims in his original proposed complaint for illegal detainment and medical malpractice, plaintiff purports to assert claims for violation of the First Amendment by suppression of the doctor's notes, slander, and libel. He seeks $4 million in damages and trial by a jury. *See* D.E. 4, 6.

Plaintiff's claims can thus be divided into two groups. First, he purports to assert claims for violation of his Fourth and First Amendment rights. These claims appear necessarily to be

---

[1] The subsequent filings by plaintiff relating to the allegations in the proposed complaint dissuade the court from providing plaintiff yet another opportunity to particularize his allegations. Moreover, he has filed numerous cases in this court, many found to have been frivolous, and has been apprised repeatedly of the pleading requirements. *See, e.g.*, *Solomon v. Wake Tech. Community College*, No. 5:15-CV-152-FL (D.E. 5, order to particularize); *Solomon v. Wake Tech. Community College*, No. 5:15-CV-153-FL (D.E. 5, order to particularize).

[2] *See* UNC Health Care, WakeBrook, http://www.uncmedicalcenter.org/uncmc/care-treatment/mental-health/unc-hospitals-at-wakebrook/ (last visited 18 Oct. 2016).

brought pursuant to 42 U.S.C. § 1983. Section 1983 permits a plaintiff to assert a direct cause of action against any "person" who under color of law violates rights, privileges, or immunities protected under the United States Constitution. *See, e.g.*, *Hughes v. Bedsole*, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995) ("[Plaintiff's] claim under the Fourteenth Amendment merges into her § 1983 claim because § 1983 merely creates a statutory basis to receive a remedy for the deprivation of a constitutional right.").

Second, plaintiff purports to assert various state law claims. Specifically, they are claims for medical malpractice, libel, slander, and, conceivably, intentional infliction of emotional distress.

## II. Applicable Legal Standards

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must

3

weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff.

4

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III. Analysis

The Eleventh Amendment limits the authority of the federal courts to hear claims against the States. In doing so, it recognizes that the doctrine of sovereign immunity limited the judicial authority granted in Article III of the United States Constitution. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). By its terms, the amendment addresses only suits against a State by citizens of another state or another country. The amendment reads: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. However, the Supreme Court has interpreted the sovereign immunity that the Eleventh Amendment recognizes to apply as well to suits against a State by its own citizens. *Pennhurst*, 465 U.S. at 98 (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *Beeson v. South Carolina*, No. CV 2:16-1164-RMG-BM, 2016 WL 4394506, at *4 (D.S.C. 13 July 2016) ("The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state."), *rep. and recomm. adopted*, 2016 WL 4370032 (12 Aug. 2016). A State may waive its sovereign immunity against suit in federal court, but such

5

waiver must be unequivocally expressed. *Pennhurst*, 465 U.S. at 99. Similarly, while Congress may abrogate the Eleventh Amendment in legislation under the Fourteenth Amendment, an unequivocal expression of Congress' intent to do so is required. *See id.*

The limitation effected by sovereign immunity applies to claims against a State regardless of the nature of the relief sought. *Id.* at 100 (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933)). The courts have held specifically that the Eleventh Amendment precludes claims against a State and its instrumentalities brought pursuant to § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (§ 1983 does not authorize an action against a state or its entities); *Waddell v. MRDCC MTC Hosp. Unit the Facilities Hosp. at MTC Md. Dep't of Corr.*, No. CV DKC-15-3517, 2016 WL 4721259, at *5 (D. Md. 9 Sept. 2016) ("[S]tate agencies are immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought."). As noted, plaintiff's constitutional claims—for violation of the First and Fourth Amendments—appear necessarily to be brought pursuant to § 1983.

Applying these principles to UNC Health Care System shows that the claims against it should be dismissed. It is an instrumentality of the State of North Carolina. *See* N.C. Gen. Stat. § 116-37 (establishing UNC Health Care System "as an affiliated enterprise of The University of North Carolina"). There is no indication that North Carolina has waived its immunity with respect to plaintiff's claims or that Congress has abrogated the immunity as to these claims. All the claims against UNC Health Care System, both the federal claims and state law claims, are therefore barred by the Eleventh Amendment. *Coleman v. Bushfan*, No. 2:15-CV-35-D, 2016 WL 3636017, at *4 (E.D.N.C. 8 June 2016) (recommending in frivolity review dismissal of claims against State of North Carolina and North Carolina Department of Corrections where

6

plaintiff included "no allegations from which it may be inferred that the State of North Carolina has waived its immunity with respect to the claims Plaintiff alleges, nor does Plaintiff invoke a federal statute that abrogates North Carolina's sovereign immunity as to these claims"), *rep. and recomm. adopted*, 2016 WL 3640614 (29 June 2016); *Brown v. Rector & Visitors of the Univ. of Va.*, No. 3:07CV30, 2008 WL 1943956, at *4 (W.D. Va. 2 May 2008) (Eleventh Amendment provides immunity from suit for university, as an instrumentality of the state, and applies to all claims for compensatory, declaratory and injunctive relief); *Googerdy v. N.C. Agric. & Tech. St. Univ.*, 386 F. Supp. 2d 618, 625 (M.D.N.C. 2005) (court granted motion to dismiss § 1983 claim against university on grounds that university was an alter ego of the state and protected from liability under that statute); *Jennings v. Univ. of N.C. at Chapel Hill*, 240 F. Supp. 2d 492, 498 (M.D.N.C. 2002) (court dismissed § 1983 claims against University of North Carolina).

## IV.    Conclusion

For the foregoing reasons, IT IS RECOMMENDED that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

IT IS DIRECTED that the Clerk serve a copy of this Oder and Memorandum and Recommendation on plaintiff. Plaintiff shall have until 2 November 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SO ORDERED, this 19th day of October 2016.

James E. Gates
United States Magistrate Judge